UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES S. ELLARD,

        Plaintiff,

v.

                                          Case No. 3:25-cv-308-MMH-LLL

OFFICER SARAH BENNETT,

        Defendant.
_____

**ORDER OF DISMISSAL WTHOUT PREJUDICE**

Plaintiff, James S. Ellard, initiated this action by filing a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983. (Doc. 1; Complaint.)[1] He also moves to proceed in forma pauperis (Doc. 2; IFP) and requests this Court enter an order requiring the defendant to provide a six-month statement and sign a bank certificate (Doc. 3; Notice). Ellard sues one Defendant, Classification Officer Sarah Bennett, alleging she has denied him his right to access the courts by "refusing" to issue his six-month account statement or sign the bank certificate needed by inmates to move to proceed in forma pauperis. Complaint at 2, 4, 5.

---

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in

2

both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

3

some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

4

conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Ellard's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Liberally read, Ellard's Complaint fails to state a plausible § 1983 claim for a denial of access to courts. To state a claim for denial of access to the courts, a plaintiff must allege an "actual injury." Lewis v. Casey, 518 U.S. 343, 349 (1996); see also Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by . . . an

5

official's action." Barbour, 471 F.3d at 1225 (citations omitted). Therefore, "the plaintiff must identify within his complaint, a 'nonfrivolous, arguable underlying claim.'" Id. at 1226 (citing Christopher v. Harbury, 536 U.S. 403, 415 (2002)). "The allegations about the underlying cause of action must be specific enough to give fair notice to the defendants and must be described well enough to apply the nonfrivolous test and to show that the arguable nature of the underlying claim is more than hope." Cunningham v. Dist. Att'y's Off. for Escambia Cnty., 592 F.3d 1237, 271 (11th Cir. 2010) (quotation marks and citation omitted). Additionally, the plaintiff must show that the underlying nonfrivolous claim was raised, or would have been raised, in connection with a direct appeal, a collateral attack on his conviction, or a civil rights action. Lewis, 518 U.S. at 354–55; Cranford v. Nev. Dep't of Corr., 398 F. App'x 540, 546–47 (11th Cir. 2010).[3] "Conclusory allegations of an actual injury are insufficient." Al-Amin v. Smith, 511 F.3d 1317, 1333 (11th Cir. 2008).

Here, Ellard fails to allege an actual injury as he makes no factual allegations of any underlying claim. In his litigation history, Ellard makes no

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

mention of any case being filed, let alone dismissed for failing to provide the necessary documentation to proceed as a pauper. Complaint at 8–10. The court takes judicial notice that Ellard filed another § 1983 complaint the same day that he filed this Complaint. See Doc. 1, Case No. 3:25-cv-281-MMH-PDB. That case has not been dismissed and remains pending. Further, when stating his injuries, Ellard simply alleges he suffers from "mental stress and anguish due to worry if and when claims may be dismissed or lien [placed] on petitioner's account." Complaint at 5 (emphasis added). These allegations show Ellard has not yet suffered an actual injury, and the mere possibility of a future injury is insufficient. See Arthur v. Comm'r, Ala. Dep't of Corr., 680 F. A'ppx 894, 909 (11th Cir. 2017) (stating "[w]hile standing may be based on an imminent injury, that injury must still be concrete and particularized, as opposed to conjectural or hypothetical" and "the injury must be 'likely' as opposed to merely subjective." (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560, 561 (1992))). For these reasons, Ellard has failed to state any viable claim, and this case is due to be dismissed without prejudice to Ellard's right to refile his claims under 42 U.S.C. § 1983 with sufficient factual allegations to support a claim against a proper defendant if he elects to do so.

    Alternatively, the Court finds the Complaint is subject to dismissal for Ellard's failure to disclose his litigation history. Failure to truthfully disclose

litigation history warrants dismissal under the Prison Litigation Reform Act because such conduct "constitutes an abuse of the judicial process." Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (per curiam) (citing Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam)); see also Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (per curiam) (affirming the dismissal of a prisoner's complaint without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of the judicial process where he omitted at least two prior civil cases from his complaint form). Dismissal is proper even if a prisoner's failure to disclose his litigation history was caused by a misunderstanding. See Jenkins v. Hutcheson, 708 F. App'x 647, 647–49 (11th Cir. 2018) (per curiam) (affirming the dismissal of a prisoner's complaint without prejudice under 28 U.S.C. § 1915 for the prisoner's "failure to fully disclose all of his prior lawsuits on the complaint form," even though there was no indication in the record that he omitted the cases intentionally); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 225–26 (11th Cir. 2011) (per curiam) (affirming the dismissal of a prisoner's amended complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of the judicial process where the prisoner failed to disclose a prior lawsuit related to the conditions of his confinement, even though in response to the district court's order to show cause, he claimed he did not understand the complaint form). Additionally, Rule 11 of the Federal Rules of Civil Procedure

8

permits a district court to impose sanctions on a party who knowingly files a pleading containing a false contention. See Fed. R. Civ. P. 11(b). While pro se litigants should be held to "less stringent standards" than those proceeding with lawyers, "a plaintiff's pro se status will not excuse mistakes regarding procedural rules," Redmon, 414 F. App'x at 226 (citing McNeil v. United States, 508 U.S. 106, 113 (1993)).

In his Complaint, Ellard represents that he has not filed other lawsuits in state or federal court relating to the conditions of his confinement. Complaint at 9–10. Ellard then signed the Complaint, certifying his compliance with Rule 11. Id. at 11. However, a search of Plaintiff's litigation history reveals that he has filed other cases relating to the conditions of his confinement: (1) Ellard v. Ricky Dixon, et al., No. 5:22-cv-241-TKW-MJF (N.D. Fla. Oct. 14, 2022) (alleging defendants violated his rights under the Eighth Amendment and deprived him of proper medical care); (2) Ellard v. Z. Vaughn, et al., 3:24-cv-782-TJC-SJH (M.D. Fla. Aug. 2, 2024) (alleging defendants deprived him of liberty and due process by failing to inform him of "pending state of Florida conditional release" and depriving him of his property); (3) Ellard v. B. Cannon, 3:25-cv-281-MMH-PDB (M.D. Fla. Mar. 21, 2025) (alleging defendant failed to provide proper medical care). Ellard knew of the requirement to disclose his litigation history and understood the question on the form as he disclosed some of his litigation history in his two

9

...
...

other cases filed in the Middle District of Florida. Even if the omission in the Complaint was unintentional, it would not prevent dismissal on this basis. See Jenkins, 708 F. App'x at 649. Therefore, in addition to his failure to state a claim, dismissal of this action without prejudice is also warranted based upon Ellard's misrepresentation of his litigation history which amounts to an abuse of the judicial process.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of April, 2025.

_____
MARCIA MORALES HOWARD
United States District Judge

JaxP-12

C:   James S. Ellard, #037119